

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DSS:SD　　　　　　　　　　　　　　　　　　　*271 Cadman Plaza East*
F# 2010R01769　　　　　　　　　　　　　　　*Brooklyn, New York  11201*

January 11, 2012

By ECF
The Honorable Edward R. Korman
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

　　　　　Re:  United States v. Nolan Padilla
　　　　　　　 Criminal Docket No. 10-758 (ERK)

Dear Judge Korman:

　　　　On June 16, 2011, the defendant Nolan Padilla pleaded guilty pursuant to a plea agreement to count one of the above-captioned indictment, charging him with conspiring to distribute and possess with intent to distribute more than one kilogram of heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(i).  The defendant is scheduled to be sentenced by Your Honor on January 13, 2012.

I.　　　　Factual Background

　　　　As the PSR describes in some detail, the defendant participated in a conspiracy to import heroin into the United States between April 2009 and September 2010. (PSR ¶¶ 2-6). Specifically, in August 2009, the defendant attempted to purchase three kilograms of heroin from a confidential source. Approximately one year later, the defendant again attempted to purchase three kilograms of heroin from the same confidential source for $50,000 per kilogram.  On September 8, 2010, the defendant was arrested by Drug Enforcement Administration ("DEA") agents after his purchase of what he believed to be three kilograms of heroin (but was actually sham narcotics).

　　　　In the plea agreement, the defendant's guidelines range was estimated to be 121 to 151 months' imprisonment.  However, in

the Presentence Investigation Report ("PSR"), the United States Probation Department concluded that the applicable guidelines range is 168 to 210 months' imprisonment. The disparity between the estimated Guidelines range in the plea agreement and the Guidelines calculation in the PSR is a result of the government erroneously failing to include the defendant's prior marijuana and cocaine trafficking activity in its estimated base offense level calculation. In addition, the U.S. Probation Department, considering the defendant's relevant conduct, included a role enhancement of two-levels, which was not included in the government estimate set forth in the plea agreement.

II.     Discussion

In his December 16, 2011 sentencing memorandum, the defendant argues (1) that the role adjustment and base offense level for which he is held accountable in the PSR has no basis and is a breach of the plea agreement (2) that the denial of safety valve consideration is without legal basis and (3) that the application of Section 3553 factors should result in a non-guidelines sentence. These arguments fail.

A. Base Offense Level and Role Adjustment

First, the defendant contends that there is no factual basis for the increased base offense level of 36. On the contrary, on November 16, 2010, the government provided the defendant in discovery a consensual recording made on August 26, 2010 wherein the defendant admitted that he had transported 500 to 1000 pounds of marijuana from Texas to New York. In addition, on December 27, 2011, the government provided the defendant a DEA report which included the statements of a confidential source who provided the basis for the 50 kilograms of cocaine discussed in paragraph 7 of the PSR.

Second, the defendant argues that because the base offense level and role adjustment were not included in the plea agreement, it is a "clear breach of the plea agreement." (Defense Memorandum, p. 10). The defendant is wrong.

This court is not bound by the Guidelines estimate in the plea agreement. Indeed, the plea agreement expressly provided that the Guidelines calculation in the plea agreement was only an "estimate" and was not "binding on the [government], the Probation Department or the Court." See Plea Agreement at ¶ 3. Additionally, nothing in the plea agreement requires the government to advocate for a Guidelines estimate that was later shown to be erroneous. See United States v. Lawlor, 168 F.3d

633, 636-37 (2d Cir. 1999) (finding no breach based on the government's failure to object to the PSR).

The defendant, relying on United States v. Griffin, 510 F.3d 354 (2d Cir. 2007) and United States v. Paladino, 347 F.3d 29 (2d Cir. 2003), contends that the Second Circuit has held that where there was information known to the government which was not included in the plea agreement, the government can be found to have breached its plea agreement. (Def. Mem. 10).  In United States v. Habbas, 527 F.3d 266 (2d Cir. 2008), however, the Second Circuit recognized that the government will sometimes make good-faith errors when estimating the defendant's potential Guideline range in plea agreements.

> The government furnishes estimates, although not obligated by law to do so, in response to this court's suggestion in [United States v. Pimentel, 932 F.2d 1029 (2d Cir. 1991)] that such estimates would protect defendants from unfair surprise after pleading guilty.  While it is obviously not ideal for the government to overlook an applicable guideline adjustment when making its estimate, it is understandable that such a mistake can happen in good faith.  The Guidelines are long and complex, and Pimentel estimates are generally made in haste when the possibility arises to dispose of a case through a plea agreement.

527 F.3d at 272 n.1.

The Court further stated, "there is no suggestion that the government acted in bad faith, either by intentionally low-balling its initial estimate, intending to increase it subsequently, or in its subsequent advocacy of a higher range. Id at 271.  The Court distinguished a situation "where the change of position involved bad faith or where the government's change of position (without new justifying facts) changed the defendant's exposure so dramatically as to raise doubts whether the defendant could reasonably be seen to have understood the risks of the agreement." Id.  The Court held, "Nothing of the kind was present in this case." Id.

Here, at the time the government prepared the plea agreement, the government did not consider the defendant's relevant conduct, or his role in such conduct, in calculating the Guidelines range.  While the government concedes its mistake, the government did not purposefully withhold information in an effort to mislead the defendant.  Moreover, "there has been no suggestion that the government in any way acted abusively or in bad faith either in its initial estimate or in the subsequent reevaluation." Id.  Accordingly, the Guidelines range of 168 to

3

210 months' imprisonment as calculated in the PSR is applicable.

  B. <u>Safety Valve</u>

On May 24, 2011, the government conducted a proffer where the defendant spoke about the instant offense conduct, specifically the circumstances surrounding the attempted purchases of heroin in August 2009 and September 2010. However, subsequent to the safety valve proffer and guilty plea, the undersigned Assistant learned of the defendant's role in importing cocaine in connection with his prior conduct. Specifically, the defendant arranged for approximately 50 kilograms of cocaine to be delivered by helicopters from foreign sources. In addition to holding a proprietary interest in the narcotics importation, the defendant directed others to successfully import cocaine. Accordingly, a two-level managerial role is applicable pursuant to U.S.S.G. § 3B1.1, thereby precluding any safety valve reduction under 18 U.S.C. § 3553(f)).

  C. <u>Section 3553(a) Factors</u>

With respect to the factors enumerated under 18 U.S.C. § 3553(a), a Guidelines sentence is warranted.

First, the applicable Guidelines range accounts for the nature and circumstances of the defendant's offense. The defendant offers no characteristics that distinguishes his offense from the typical case. The defendant contends that because he is a "devoted husband and father," has one prior conviction over twenty years old and has maintained employment, he should receive a non-guidelines sentence. None of these factors offer a basis for a variance.

Specifically, concerning the defendant's twenty year work history as an engineer, under the Guidelines, "prior good works...are not ordinarily relevant in determining whether a departure is warranted." U.S.S.G. § 5H1.11. In the limited cases where courts have found such a departure warranted, it has been in those circumstances where the defendant's public service and good works have been exceptional, <u>see</u>, e.g., <u>United States v. Canova</u>, 412 F.3d 331, 358-59 (2d Cir. 2005) (defendant served in the Marine Corps for six years, was a volunteer firefighter for seven years, helped deliver three babies, and acted as a Good Samaritan on three distressful occasions on which others present were rendered helpless).

Second, a Guidelines sentence would reflect the seriousness of the offense and deter criminal conduct. Moreover, to the extent that the defendant argues that there is no need to protect the public from him, this argument should be rejected. The events that led to the defendant's indictment in Bronx County for robbery in the first degree and assault in the first degree,

4

are violent and disturbing, specifically the accusation concerning the defendant drilling the hands of three victims while demanding money. (PSR ¶ 18).  Although the defendant has been indicted and not yet convicted of these crimes, it is worth noting that the defendant was released on bail in the instant matter at the time of his arrest.  Accordingly, these factors support the imposition of a sentence within the Guidelines.  See United States v. Sindima, 488 F.3d 81 at 87 (2d Cir. 2007).

Finally, with respect to the defendant's argument that the court should consider that this arrest was a result of a "reverse sting" where "but for the government involvement in this case," the defendant would not have engaged in this conduct (Def. Mem. 12), this argument is without merit. While the defendant's attempted purchase of heroin stems from his contact with a government cooperator, the defendant's past drug activity, his recorded statements and the defendant's access to funds reveals his intent to participate in narcotics transactions, regardless of the government's involvement.

III.  Conclusion

For the reasons set forth above, the government respectfully submits that a sentence within the Guidelines range set forth in the PSR is appropriate.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: _____
    Soumya Dayananda
    Assistant U.S. Attorney
    (718) 254-7996

cc:  Clerk of the Court (ERK)(By ECF)
     James Kosourous, Esq. (By ECF)

5